IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| GODFATHER'S PIZZA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAHENDRABHAI P. PATEL, <br><br> Defendant. | Case No. _____ <br><br><br> **COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

The Plaintiff alleges:

**PARTIES, JURISDICTION AND VENUE**

1. The Plaintiff, Godfather's Pizza, Inc. ("GPI" or "the Company"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Nebraska.

2. Upon information and belief, Defendant Mahendrabhai P. Patel ("Patel") is an individual residing in Kentucky.

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1338, in that it is a civil action arising under an act of Congress relating to trademarks. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for the second claim for relief, in that it is so related to the claim in the action within the original jurisdiction of the Court that it forms part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this district in that this is "(a) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; and (b) if there is no district in which this action may otherwise be

brought, a judicial district in which one or more of the defendants is subject to the Court's personal jurisdiction."

## STATEMENT OF FACTS

5. GPI is the owner of the following trademarks on the principal register of the United States Patent and Trademark Office:



a. GODFATHER'S PIZZA & DESIGN (shown at right), Reg. Nos. 2,980,637 and 1,114,984; and

b. "GODFATHER'S PIZZA", Reg. Nos. 2,386,870 and 2,398,968

(collectively, the "Godfather's Marks").

6. The Godfather's Marks are distinctive, incontestable, and famous.

7. GPI operates a system of company-operated and franchised Godfather's Pizza Restaurants consisting of approximately 600 locations in 37 states as of May 1, 2022 (the "Godfather's Pizza System"). For almost all its 49-year history, and at all times relevant to this complaint, GPI has been headquartered in Omaha, Nebraska, where franchise relationships are administered.

8. Defendant operates a convenience store at 219 South Main Street, Goodlettsville, TN 37072 ("the location").

9. Effective February 11, 2022, GPI terminated the Franchise Agreement ("the Agreement") between GPI and Defendant. By terminating the Agreement, GPI revoked all rights the Defendant had to use the Godfather's Marks. GPI notified the Defendant of the termination.

10. Pursuant to Section 16 of the Agreement, Defendant agreed to "remove all interior and exterior signs, sign-faces [and all other] materials containing any Mark" and "return to the Company all copies of the Operations Manual, the Administrative Procedures Manual and any other confidential materials which have been loaned to Franchisee by the Company" after being terminated as a franchisee.

11. When it terminated Defendant's franchise, GPI sent Defendant an Infringement Notice demanding that Defendant "observe all of Franchisee's post-term obligations set forth in the Franchise Agreement, Section 16" and providing a checklist to that end. A true and correct copy of the Infringement Notice is attached hereto as Exhibit A.

12. Defendant has failed to comply with any of the post-termination obligations in breach of the Agreement.

13. Notwithstanding GPI's termination of the Agreement, the Defendant has continued to market, sell, and distribute pizza using the Godfather's Marks through the use of packaging and signage bearing the Godfather's Marks.

14. Defendant's behavior demonstrates that its infringement is willful and that this is an exceptional case.

**CLAIMS FOR RELIEF**

**First Claim for Relief**

**Trademark Infringement**

15. The unauthorized use by the Defendant of the registered Godfather's Marks, in commerce, in connection with the sale, offering for sale, or advertising

of goods, namely Defendant's products, is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

16. The infringement by the Defendant is willful, in that he continued use of the marks after being notified that he no longer had the right to do so.

17. As a result of Defendant's infringement of the Godfather's Marks, GPI has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law, as well as economic damage.

## Second Claim for Relief

## Breach of Contractual Post-Termination Obligations

18. The Agreement is a valid and binding contract between GPI and the Defendant. All conditions precedent to Defendant's performance of the Agreement have been met or excused.

19. The Defendant breached the Agreement by failing to remove, destroy, or return GPI's Godfather's Marks and related proprietary materials, or to return confidential and proprietary materials to the Company as required by Section 16 of the Agreement despite demands by GPI.

20. As a direct and proximate result of Defendant's breach, GPI has been damaged.

21. By virtue of Defendant's continued offer for sale of products purporting to be GPI's famous Godfather's Pizza, without the supervision, standards, or association with GPI necessary for the same, GPI has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

**RELIEF REQUESTED**

Plaintiff requests the following relief:

A. That Defendant be enjoined, temporarily and permanently, from using the Godfather's Marks, or any other word, mark, symbol or device confusingly similar to the Godfather's Marks, on or in connection with the sale of goods and services;

B. The Defendant's profits, as adjusted by the Court, from use of the Godfather's Marks, as provided by 15 U.S.C. § 1117(A)(1);

C. Any damages sustained by GPI, as provided by 15 U.S.C. § 1117(A)(2);

D. The costs of the action, as provided by 15 U.S.C. § 1117(A)(3);

E. A finding that this is an exceptional case as provided by 15 U.S.C. § 1117(A) and an award of attorney fees;

F. In view of Defendants' willful infringement, an Order that all articles bearing the Godfather's Marks, or any counterfeit, copy, or colorable imitation of the Godfather's Marks, shall be delivered up to GPI or its agent and destroyed, as provided by 15 U.S.C. § 1118; and

G. Preliminary and/or permanent injunctive relief requiring the Defendant to comply with the post-termination obligations under the Agreement, including but not limited to the removal or permanent covering of all exterior and interior signs and representations containing the Godfather's Marks, and the return to

GPI of all copies of confidential information, proprietary materials, and items bearing the Godfather's Marks as GPI has requested.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

## REQUEST FOR PLACE OF TRIAL

Pursuant to NECivR 40.1, Plaintiff respectfully requests that trial of this case be had at Omaha.

Dated this 24th day of May, 2022.

GODFATHER'S PIZZA, INC., Plaintiff

By: /s/ Richard P. Jeffries
Richard P. Jeffries, #20089
CLINE WILLIAMS WRIGHT
 JOHNSON & OLDFATHER, L.L.P.
Sterling Ridge
12910 Pierce Street, Suite 200
Omaha, Nebraska 68144
Telephone: (402) 397-1700
Fax: (402) 397-1806
Email: rickjeffries@clinewilliams.com

4890-3951-4912, v. 5