IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GODFATHER'S PIZZA, INC.,

          Plaintiff,

vs.

MAHENDRABHAI P. PATEL

          Defendant.

8:22CV189

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Godfather's Pizza, Inc.'s motion for default judgment of trademark infringement and breach of contract against defendant and former-franchisee Mahendrabhai P. Patel. Filing No. 11. The Court needs additional information before ruling on the motion.

Plaintiff sued on May 24, 2022. Following service via certified mail, pursuant to Neb. Rev. Stat. § 25-505.01(c), the Clerk entered an entry of default on June 24, 2022. Filing No. 9. To date, Mr. Patel has not responded.

A district court may enter default judgment against a defendant who fails to appear in a timely manner. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). Such a step is disfavored, given our preference for adjudication on the merits, and is committed to the court's discretion. *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015).

Several concerns prevent default judgment at this time. First, the scrawled signature and name on the certified mail receipt do not clearly indicate who accepted service. Filing No. 7. The signature could pass for that of the defendant, but the Court would like to see more to support veracity such as a contract signature or the like. *See Jones v. Flowers*, 547 U.S. 220, 226–27 (2006).

1

Second, "judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000). Despite a prayer for damages in the complaint, plaintiff's motion neither mentions nor rescinds the prayer. Clarification is needed.

Third, a finding of trademark infringement does not guarantee an injunction. The usual rules apply: (1) irreparable harm; (2) inadequacy of remedies at law; (3) balance of the hardships; and (4) the public interest. *See eBay v. MercExchange*, 547 U.S. 388, 391 (2006). The Court requires some showing of the above.

THEREFORE, IT IS ORDERED THAT the motion for default judgment, Filing No. 11 will be considered at a hearing on the 14th day of December, 2022 at 1:30 p.m. in Courtroom 3, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, NE before Senior Judge Joseph F. Bataillon or as soon thereafter at it may be reached. The Court is interested in evidence of the following:

1. Evidence to establishing that the defendant was in fact served by residential service.

2. A copy of the underlying contract and delineate the sufficiency of plaintiff's claims for relief.

3. Plaintiff shall clarify if it makes any monetary claim for damages. If so, a comprehensive showing, or explanation why such showing lies out of plaintiff's reach, will be expected.

4. A proposed injunction which details *specific* commands of Mr. Patel and not merely demand his compliance with the law or with his contractual obligations. Plaintiff might also wish to provide photographs of infringing signage to be removed or articles to be returned.

Dated this 2nd day of December, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge